FARHAD NOVIAN (SBN 118129)
JOSEPH A. LOPEZ (SBN 268511)
SHARON RAMINFARD (SBN 278548)
**NOVIAN & NOVIAN, LLP**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222
Farhad@NovianLaw.com
Joseph@NovianLaw.com

Attorney for Plaintiff,
GARIMA DHAWAN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARIMA DHAWAN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN GREETINGS CORPORATION, an Ohio corporation; PRGCO, LLC, an Ohio limited liability company dba Papyrus; PAPYRUS-RECYCLED GREETINGS, INC., an Illinois corporation; TARGET CORPORATION, a Minnesota corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR:** <br><br> **Copyright infringement;** <br> **Vicarious and/or Contributory** <br> **Copyright Infringement** <br><br> **<u>JURY TRIAL DEMANDED</u>** |

Plaintiff GARIMA DHAWAN ("Plaintiff") by and through her undersigned counsel, complaining of the defendants PRGCO, LLC, an Ohio limited liability company dba Papyrus; AMERICAN GREETINGS CORPORATION, an Ohio corporation; TARGET CORPORATION, a Minnesota corporation; and DOES 1 through 10, inclusive (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.   Plaintiff creates and obtains rights to unique two-dimensional non-functional artworks for gallery display and use on textiles, which are transacted primarily in and through the apparel industry.  Plaintiff owns these designs in exclusivity and exploits these designs for profit by selling products bearing the designs or entering into licensing agreements for sale or display by third parties.  Defendants have knowingly and intentionally used one such design in the production of unauthorized goods which infringe Plaintiff's copyrights.

## JURISDICTION AND VENUE

2.   The Court has original subject matter jurisdiction over Plaintiff's federal claims arising under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. under 28 U.S.C. § 1331, 1338 (a) and (b).

3.   This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortuous acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district and/or each of the defendants can be found in this judicial district.

4.   Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) on information and belief that: (a) this is a judicial district in which a substantial part of the events giving rise to the claims occurred the tortuous acts occurred, and a substantial part of the injury took place and continues to take place; and (b) this is a judicial district in which Defendants may be found.

///

# THE PARTIES

5. Plaintiff GARIMA DHAWAN ("Plaintiff") is an individual residing in the United Kingdom.

6. Upon information and belief, defendant AMERICAN GREETINGS CORPORATION ("AGC"), is, and at all times relevant was, an Ohio corporation doing business within the jurisdiction of this Court.

7. Upon information and belief, defendant PRGCO, LLC, doing business as Papyrus ("PRGCO"), is, and at all times relevant was, an Ohio limited liability company doing business within the jurisdiction of this Court.

8. Upon information and belief, defendant PAPYRUS-RECYCLED GREETINGS, INC. ("Papyrus"), is, and at all times relevant was, an Illinois corporation doing business within the jurisdiction of this Court.

9. Upon information and belief, defendant TARGET CORPORATION ("Target"), is, and at all times relevant was, a Minnesota corporation doing business within the jurisdiction of this Court.

10. Defendants DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiff. At such time as said defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

11. Upon information and belief, at all times relevant herein, Defendants, including Does 1 through 10, inclusive, and each of them, were and still are the partners, agents, employers, and/or employees of the other named Defendants, and each of them; that in so doing the things alleged, said Defendants were acting within the course and scope of said partnership, agency, or employment; and that in so doing the things alleged, said Defendants were acting at all times with the knowledge, consent, and authorization of each of the other Defendants.

12. Upon information and belief, at all times relevant herein, Defendants,

including Does 1 through 10, inclusive, and each of them, are the alter egos of each other; are characterized by a unity of interest in ownership and control among themselves such that any individuality and separateness between them have ceased; are a mere shell instrumentality and conduit through which Defendants carried on their business by use of each others' names; completely controlled, dominated, managed, and operated each others' business to such an extent that any individuality or separateness of the Defendants does not and did not exist; completely failed to observe any corporate formalities; and intermingled the assets of each other, and other entities affiliated with them, to suit the convenience of themselves and in order to evade payment of obligations and legal liability to various customers and creditors.

## **PLAINTIFF'S COPYRIGHT**

13. Plaintiff owns, and had owned prior to the infringing acts complained of herein, United States Copyright Registration No. VA 2-084-871-029, which included a two-dimensional textile design she has internally designated as Fiesta 1 ("Design").

## **DEFENDANTS' INFRINGING CONDUCT**

14. Plaintiff is a renowned artist who regularly sells, licenses, or otherwise exploits her artwork to art galleries and garment and accessories manufacturers.

15. In or around mid to late 2017, Plaintiff discovered that Defendants were selling patterned gift bags that bear designs that are identical or substantially similar to Plaintiff's Design (the "Infringing Goods").

16. Upon information and belief, Defendants have misappropriated the Design, and are selling Infringing Goods online and to retail stores throughout the United States, including but not limited to within this judicial district.

17. Upon information and belief, Defendants are, without Plaintiff's authorization, unlawfully reproducing, importing, distributing and/or selling

Infringing Goods in this judicial district that feature a design that is identical, or substantially similar to, the Design.

18. Upon information and belief, Defendants' infringing use of the Design is not limited to the Infringing Goods described above, and other goods Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold may infringe Plaintiff's copyright in the Design.

19. On or about January 5, 2018, Plaintiff, through her counsel, addressed a letter to Defendants PRGCO and Target, informing them of the Infringing Goods. Plaintiff demanded, among other things, that Defendants immediately cease and desist from using, copying, reproducing, distributing, displaying, ordering, purchasing, manufacturing, offering for sale or advertising the Design in any way. Plaintiff also demanded that Defendants provide Plaintiff's counsel with a written accounting of each and every use of the Design by Defendants, or any person or entity working with or for Defendants to provide Plaintiff's counsel with the names, addresses, and contact information for the manufacturers, stores, websites, and companies used by Defendants in relation with the Design. Plaintiff further demanded that Defendants provide Plaintiff's counsel with copies of all sales receipts, invoices, customer records, accounting records, and inventories of and relating to the Design.

20. Despite correspondence from counsel for "American Greeting Corporation and its Papyrus division," acknowledging Plaintiff's January 5, 2018 letter, Defendants have failed to sufficiently provide the requested documents and information.

21. Upon information and belief, Defendants continue to misappropriate the Design and to unlawfully reproduce, import, distribute, and/or sell Infringing Goods, in this judicial district, featuring a design, which is identical, or substantially similar to the Design.

///

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement - Against All Defendants)

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 21, inclusive, of this Complaint, as if fully set forth herein at length.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Design and by producing, distributing and/or selling Infringing Goods.

24. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

25. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Design in an amount to be established at trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have imported, manufactured, cause to be manufactured and/or sold Infringing Goods.

28. Upon information and belief, Defendants also began such activities although they were fully aware of Plaintiff's superior rights to the Design. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per

infringement. Further, Defendants', and each of their willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## SECOND CLAIM FOR RELIEF

## (For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

29. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 21, inclusive.

30. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of Infringing Goods featuring the Design as alleged hereinabove.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringements alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

32. By reason of the Defendants', and each of their, acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

33. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly

attributable to Defendants' infringement of the Design, in an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have imported, manufactured, cause to be manufactured and/or sold Infringing Goods.

35. Upon information and belief, Defendants also began such activities although they were fully aware of Plaintiff's superior rights to the Design. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands the following relief against Defendants, jointly and severally:

Against All Defendants, With Respect to Each Claim for Relief:

a. That Defendants, their agents and servants be enjoined from selling Infringing Goods, or otherwise infringing Plaintiff's copyright in the Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded her attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;

d. Directing such other relief as the Court may deem appropriate to prevent the Defendants from participating in this or other copyright infringements; and

e. Such other relief as the Court may deem appropriate.

Dated: March 5, 2018    **NOVIAN & NOVIAN, LLP**
Attorneys at Law

By:   /s/ Farhad Novian
FARHAD NOVIAN
JOSEPH A. LOPEZ
Attorneys for Plaintiff
GARIMA DHAWAN

## DEMAND FOR JURY TRIAL

A jury trial is demanded pursuant to Fed. R. Civ. P. 38.

Dated: March 5, 2018    **NOVIAN & NOVIAN, LLP**

By:   /s/ Farhad Novian
FARHAD NOVIAN
JOSEPH A. LOPEZ
SHARON RAMINFARD
Attorneys for Plaintiff
GARIMA DHAWAN